M. Anderson Berry (SBN 262879)
Gregory Haroutunian (SBN 330263)
**CLAYEO C. ARNOLD**
**A PROFESSIONAL CORPORATION**
865 Howe Avenue
Sacramento, CA 95825
Telephone: (916) 777-7777
Facsimile: (916) 924-1829
*aberry@justice4you.com*
*gharoutunian@justice4you.com*

John A. Yanchunis (Pro Hac Vice)
Ryan D. Maxey (Pro Hac Vice)
**MORGAN & MORGAN**
**COMPLEX LITIGATION GROUP**
201 N. Franklin Street, 7th Floor
Tampa, FL 33602
Telephone: (813) 559-4908
Facsimile: (813) 223-5402
*jyanchunis@ForThePeople.com*
*rmaxey@ForThePeople.com*

*Attorneys for Plaintiff and the Class*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| KAMAL BITMOUNI, on behalf of himself and all others similarly situated,<br><br>　　　　　　Plaintiff,<br>vs.<br><br>PAYSAFE PAYMENT PROCESSING SOLUTIONS LLC, a Delaware limited liability company,<br><br>　　　　　　Defendant. | Case No. 3:21-cv-00641-JCS<br><br>**[PROPOSED] ORDER GRANTING PLAINTIFF'S UNOPPOSED RENEWED MOTION FOR PRELIMINARY APPROVAL OF CLASS-ACTION SETTLEMENT** |

This case is before the Court on Plaintiff Kamal Bitmouni's ("Plaintiff") Unopposed Renewed Motion for Preliminary Approval of the Class Action Settlement (the "Motion"). The Court, having considered the Motion, the supporting brief, the parties' Second Amended Settlement Agreement dated July 31, 2022 (the "S.A.S.A." or "Second Amended Settlement Agreement"); the proposed Summary and Long Notices (Exhibit 1 to the S.A.S.A.); the proposed Claim Form (Exhibit 2 to the A.S.A.), the pleadings and other papers filed in this Action; and the statements of counsel and the Parties, and for good cause shown.

**IT IS HEREBY ORDERED** as follows:

**Preliminary Approval of Amended Settlement Agreement**

1. Unless otherwise defined herein, all terms that are capitalized herein shall have the meanings ascribed to those terms in the Amended Settlement Agreement.

2. This Court has jurisdiction over the Litigation, Plaintiff, all Settlement Class Members, Defendant Paysafe Payment Processing Solutions, LLC ("Paysafe"), and any party to any agreement that is part of or related to the Settlement.

3. The Court finds that the proposed Settlement set forth in the Amended Settlement Agreement is fair, reasonable and adequate such that it is hereby preliminarily approved and notice of the settlement should be provided to the Settlement Class Members and that a hearing should be held as set forth below.

4. The Court preliminarily finds that this Settlement complies with the Northern District of California's *Procedural Guidance for Class Action Settlements*.

**Class Certification**

5. Solely for purposes of the Settlement, the Court conditionally certifies the following Settlement Class pursuant to Fed. R. Civ. P. 23(a) and (b)(3):

> **Settlement Class:** All individuals identified on the Settlement Class List, including all individuals who were notified by direct notice by Paysafe, that their

- 2 -
[PROPOSED] ORDER GRANTING PLAINTIFF'S UNOPPOSED OTION FOR PRELIMINARY
APPROVAL TO CLASS-ACTION SETTLEMENT
Case No. 3:21-cv-000641-JCS

personal information was or may have been compromised in the Data Security Incident.

6. Excluded from the Settlement Class are: (1) the judges presiding over this Litigation, and members of their direct families; (2) the Defendant, its subsidiaries, parent companies, successors, predecessors, and any entity in which the Defendant or its parents have a controlling interest and their current or former officers, directors, and employees; and (3) Settlement Class Members who submit a valid Request for Exclusion prior to the Opt-Out Deadline.

7. Subject to final approval of the Settlement, the Court finds and concludes for settlement purposes only that the prerequisites to a class action, set forth in Fed. R. Civ. P. 23(a) and (b), are satisfied in that:

    a. the Settlement Class is so numerous that joinder of all members is impracticable;

    b. there are questions of law or fact common to the Settlement Class;

    c. Plaintiff and Class Counsel (as defined below) have and will fairly and adequately represent the Settlement Class;

    d. the claims of Plaintiff are typical of those of Settlement Class Members;

    e. common issues predominate over any individual issues affecting the members of the Settlement Class;

    f. Plaintiff fairly and adequately protects and represents the interests of all members of the Settlement Class, and Plaintiff's interests are aligned with the interests of all other members of the Settlement Class; and

    g. settlement of the Litigation on a class-action basis is superior to other means of resolving this matter.

8. The Court appoints M. Anderson Berry and Gregory Haroutunian of Clayeo C. Arnold, A Professional Corp., and John Yanchunis and Ryan Maxey of Morgan & Morgan as

Settlement Class Counsel, having determined that the requirements of Rule 23(g) of the Federal Rules of Civil Procedure are fully satisfied by this appointment.

9. The Court hereby appoints Plaintiff Kamal Bitmouni as the Class Representatives for settlement purposes only on behalf of the Settlement Class.

**Notice to Settlement Class Members**

10. Pursuant to Federal Rule of Civil Procedure 23(e), the Court approves the Summary Notice and Long Notice (the "Notices"), Exhibit 1 to the Second Amended Settlement Agreement, and finds that the dissemination of the Notices substantially in the manner and form set forth in Sections IX-XI of the Second Amended Settlement Agreement ("Notice Plan") complies fully with the requirements of the Federal Rule of Civil Procedure 23 and due process of law, and is the best notice practicable under the circumstances.

11. The Court further approves the Claim Form which will be available both on the Settlement Website and by request.

12. The notice procedures described in the Notice Plan are hereby found to be the best means of providing notice under the circumstances and, when completed, shall constitute due and sufficient notice of the proposed Second Amended Settlement Agreement and the Final Approval Hearing to all persons affected by and/or entitled to participate in the Second Amended Settlement Agreement, in full compliance with the notice requirements of Rule 23 of the Federal Rules of Civil Procedure and due process of law.

13. The Court hereby orders that, within twenty-one (21) days of entry of this Order, Paysafe shall provide to the Claims Administrator the contact information of all Settlement Class Members, including names, email addresses (where available), and physical addresses, that are currently in Paysafe's possession.

14. No later than twenty-eight (28) days from the date of this Order preliminarily approving the Amended Settlement, Settlement Class Counsel shall cause the Claims Administrator to send the Summary Notice to each Settlement Class Member via mail and email;

and shall cause to be published the Long Form Notice available to the rest of the Class as stated in the proposed Notice Plan. Contemporaneously with seeking Final Approval of the Settlement, Settlement Class Counsel and Paysafe shall cause to be filed with the Court an appropriate affidavit or declaration from the Claims Administrator with respect to complying with the Notice Plan.

15. All costs incurred in disseminating and otherwise in connection with the Settlement Notices shall be paid from the Settlement Fund pursuant to the Settlement Agreement.

16. The Settlement Notices and Claim Form satisfy the requirements of due process and of Rule 23(e) of the Federal Rules of Civil Procedure and thus are approved for dissemination to the Settlement Class. The Claim Form shall be made available to the Settlement Class as set forth on the Notice Plan and shall be made available to any potential Class Member that requests one.

**Responses by Settlement Class Members and the Scheduling of a Final Approval Hearing**

17. Settlement Class Members may opt-out or object up to ninety (90) days after the Notice Deadline (the "Opt-Out Date").

18. Any member of the Settlement Class who or that wishes to be excluded ("opt out") from the Settlement Class must send a written request to the designated Post Office box established by the Claims Administrator postmarked on or before the Opt-Out Date. Members of the Settlement Class may not opt-out of the Settlement by submitting requests to opt-out as a group or class, but must in each instance individually and personally submit an opt-out request. All Settlement Class Members that opt-out of the Settlement will not be eligible to receive any benefits under the Settlement, will not be bound by any further orders or judgments entered for or against the Settlement Class, and will preserve their ability to independently pursue any claims they may have against Paysafe.

19. Any member of the Settlement Class who does not properly and timely opt-out of the Settlement shall, upon entry of the Order and Final Judgment, be bound by all the terms and

provisions of the Settlement Agreement and Release, whether or not such Settlement Class Member objected to the Settlement and whether or not such Settlement Class Member received consideration under the Settlement Agreement.

20. The Court adopts the following schedule for the remaining events in this case, which ensures that the appropriate state and federal officials are served with the notification required by the Class Action Fairness Act:

| Event | Date |
|---|---|
| Paysafe to Cause CAFA Notice to be Provided to Appropriate Governmental Officials ("CAFA Notice") | Within 10 days of filing Unopposed Motion for Preliminary Approval of Class-Action Settlement |
| Paysafe to Provide to Settlement Administrator Contact Information for Settlement Class Members | Within 21 days after entry of Preliminary Approval Order |
| Notice Program Commences as set forth in paragraph 14. | Within 28 days after entry of Preliminary Approval Order |
| Compliance with CAFA Waiting Period under 28 U.S.C. § 1715(d) | 90 days after the appropriate governmental officials are served with CAFA Notice |
| Deadline for Plaintiff's Motion for Attorneys' Fees, Expenses, and Service Awards | Within 55 days after Notice Commencement Date |
| Deadline for Plaintiff's Motion for Final Approval of the Class-Action Settlement Agreement | Within 120 days after Notice Commencement Date |
| Postmark Deadline for Request of Exclusion (Opt-Out) or Objections | Within 90 days after Notice Commencement Date |
| Postmark / Filing Deadline for Submitting Claims | Within 90 days after Notice Commencement Date |
| Deadline for Plaintiff to File any Response to Objections or Supplement to Motion for Final Approval | Not later than 7 days prior to the Final Approval Hearing |

| Event | Date |
|---|---|
| Deadline for Parties to File Supplemental Declaration from Settlement Administrator | At least 5 days prior to the Final Approval Hearing |
| Final Approval Hearing | **Fairness Hearing set for February 2, 2024, at 9:30 AM by Zoom Webinar. Zoom Webinar ID: 161 926 0804. Passcode: 050855.** |

21. A hearing on the Settlement (the "Final Approval Hearing") shall be held before this Court on **February 2, 2024, at 9:30 AM by Zoom Webinar. Zoom Webinar ID: 161 926 0804. Passcode: 050855.**

22. At the Final Approval Hearing, the Court will consider (a) the fairness, reasonableness, and adequacy of the proposed class Settlement and whether the Settlement should be granted final approval by the Court; (b) dismissal with prejudice of the Litigation; (c) entry of an order including the Release; (d) entry of the Final Approval Order; and (e) entry of final judgment in this Litigation. Settlement Class Counsel's application for award of attorney's fees and costs, and request for the Court to award a service award to the named Plaintiffs, shall also be heard at the time of the hearing.

23. The date and time of the Final Approval Hearing shall be subject to adjournment by the Court without further notice to the members of the Settlement Class, other than that which may be posted by the Court. Should the Court adjourn the date for the Final Approval Hearing, that shall not alter the deadlines for mailing and publication of notice, the Opt-Out Date, or the deadlines for submissions of settlement objections, claims, and notices of intention to appear at the Final Approval Hearing unless those dates are explicitly changed by subsequent Order. The Court may also decide to hold the hearing via zoom or telephonically. Instructions on how to appear at the Final Approval Hearing will be posted on the Settlement Website.

24. Any person or entity who or which does not elect to be excluded from the Settlement Class may, but need not, enter an appearance through its own attorney. Settlement

Class Members that do not timely object or opt out and that do not have an attorney enter an appearance on their behalf will be represented by Settlement Class Counsel.

25. Any person or entity who or which does not elect to be excluded from the Settlement Class may object to the proposed Settlement. Any Settlement Class Member may object to, among other things, (a) the proposed Settlement, (b) entry of Final Approval Order and the judgment approving the Settlement, (c) Class Counsel's application for fees and expenses, or (d) the service award request, by mailing a written objection to the Court, with a postmark date no later than forty (90) days after the Notice Deadline. Any Settlement Class Member can elect to object at the Final Approval Hearing regardless of whether they have submitted a timely written objection.

26. Any Settlement Class Member making the written objection (an "Objector") must sign the objection personally or through Objector's counsel. A written objection must state: (i) the name of the proceedings (*Bitmouni v. Paysafe Payment Processing Solutions, LLC*, Case No. 3:21-cv-00641-JCS (N.D. Cal.)); (ii) the Settlement Class Member's full name, current mailing address, and telephone number; (iii) a statement of the specific grounds for the objection, as well as any documents supporting the objection; (iv) a statement as to whether the objection applies only to the Objector, to a specific subset of the class, or to the entire class; (v) the identity of any attorneys representing the objector; (vi) a statement regarding whether the Settlement Class Member (or his/her attorney) intends to appear at the Final Approval Hearing; and (vii) the signature of the Settlement Class Member or the Settlement Class Member's attorney. The Notice must set forth the time and place of the Final Approval Hearing (subject to change), as well as how to access the Final Approval Hearing electronically and state that any Settlement Class Member who does not file a timely and adequate written objection in accordance with this Paragraph may still object or to be heard at the Final Approval Hearing.

27. Any Settlement Class Member who does not timely file and serve an objection in writing in accordance with the procedure set forth in the Settlement Notices and mandated in this

Order, and does not object at the Final Approval Hearing shall be deemed to have waived any objection to (a) the Settlement; (b) the Release; (c) entry of Final Approval Order or any judgment; (d) Class Counsel's application for fees, costs, and expenses; and/or (e) the service award request for the named Plaintiff, whether by appeal, collateral attack, or otherwise.

28. Settlement Class Members need not appear at the hearing or take any other action to indicate their approval.

29. Upon entry of the Order and Final Judgment all members of the Settlement Class that have not personally and timely requested to be excluded from the Settlement Class will be enjoined from proceeding against Paysafe with respect to all of the Released Claims.

30. Paysafe shall prepare and send, at Paysafe's expense, all notices that are required by the Class Action Fairness Act of 2005 ("CAFA") as specified in 28 U.S.C. § 1715. Class Counsel and Counsel for Paysafe shall cooperate promptly and fully in the preparation of such notices, including providing Paysafe with any and all information in their possession necessary for the preparation of these notices. Paysafe shall provide courtesy copies of the notices to Class Counsel for the purpose of implementing the Settlement. Paysafe shall provide notice to Class Counsel of compliance with the CAFA requirements within ten (10) days of providing notice to Attorneys General under CAFA.

**Administration of the Settlement**

31. The Court hereby appoints the administrator proposed by the parties, Kroll Settlement Administration (the "Settlement Administrator"). The Settlement Administrator shall perform the functions and duties necessary to effectuate the Settlement and as specified in the section XI of the Settlement Agreement, including the following: (a) Creating, administering, and overseeing the Settlement Fund; (b) Obtaining the Settlement Class List for the purpose of disseminating Notice to Settlement Class Members; (c) Providing Notice to Settlement Class Members via U.S. mail and e-mail; (d) Establishing and maintaining the Settlement Website; (e) Establishing and maintaining a toll-free telephone line for Settlement Class Members to call with

Settlement-related inquiries, and answering the questions of Settlement Class Members who call with or otherwise communicate such inquiries within one (1) business day; (f) Responding to any mailed or emailed Settlement Class Member inquiries within one (1) business day; (g) Reviewing, determining the validity of, and processing all claims submitted by Participating Settlement Class Members; (h) Receiving Requests for Exclusion from Settlement Class Members and providing Class Counsel and Paysafe's Counsel a copy thereof no later than three (3) days following the deadline for submission of the same. If the Settlement Administrator receives any Requests for Exclusion, or other requests from Settlement Class Members after the Opt-Out and Objection Deadlines, the Settlement Administrator shall promptly provide copies thereof to Class Counsel and to Paysafe's Counsel; (i) After the Effective Date, processing and transmitting Settlement Payments to Participating Settlement Class Members; (j) Providing weekly or other periodic reports to Class Counsel and Paysafe's Counsel that include information regarding the number of Settlement Payments sent or Settlement Checks mailed and delivered, Settlement Checks cashed, undeliverable information, and any other requested information relating to Settlement Payments. The Settlement Administrator shall also, as requested by Class Counsel or Paysafe's Counsel and from time to time, provide the amounts remaining in the Net Settlement Fund; (k) In advance of the Final Approval Hearing, preparing a sworn declaration to submit to the Court that: (i) attests to implementation of Notice in accordance with the Preliminary Approval Order; and (ii) identifies each Settlement Class Member who timely and properly submitted a Request for Exclusion; and (l) Performing any function related to Settlement administration at the agreed-upon instruction of Class Counsel or Paysafe's Counsel, including, but not limited to, verifying that Settlement Payments have been distributed.

32.     In the event the Settlement Agreement and the proposed settlement are terminated in accordance with the applicable provisions of the Settlement Agreement, the Settlement Agreement, the proposed Settlement, and all related proceedings shall, except as expressly provided to the contrary in the Settlement Agreement, become null and void, shall have no further

force and effect, and Settlement Class Members shall retain all of their current rights to assert any and all claims against Paysafe and any other Released Person, and Paysafe and any other Released Persons shall retain any and all of their current defenses and arguments thereto (including but not limited to arguments that the requirements of Fed. R. Civ. P. 23(a) and (b)(3) are not satisfied for purposes of continued litigation). The Litigation shall thereupon revert forthwith to its respective procedural and substantive status prior to the date of execution of the Settlement Agreement and shall proceed as if the Settlement Agreement and all other related orders and papers had not been executed.

33. Neither this Order nor the Settlement Agreement nor any other settlement-related document nor anything contained herein or therein or contemplated hereby or thereby nor any proceedings undertaken in accordance with the terms set forth in the Settlement Agreement or herein or in any other settlement-related document, shall constitute, be construed as or be deemed to be evidence of or an admission or concession by Paysafe as to the validity of any claim that has been or could have been asserted against it or as to any liability by it as to any matter set forth in this Order, or as to the propriety of class certification for any purposes other than for purposes of the current proposed settlement.

Dated: August 1, 2023

_____
The Honorable Joseph C. Spero
United State Magistrate Judge