UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAMAL BITMOUNI,<br><br>   Plaintiff,<br><br> v.<br><br>PAYSAFE PAYMENT PROCESSING SOLUTIONS LLC,<br><br>   Defendant. | Case No. 21-cv-00641-JCS<br><br>**ORDER GRANTING MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND MOTION FOR APPROVAL OF ATTORNEYS FEES, EXPENSES, AND SERVICE AWARD TO CLASS REPRESENTATIVE PLAINTIFF**<br><br>Re: Dkt. Nos. 96, 97 |

  WHEREAS, the Court, having considered the Second Amended Settlement Agreement filed August 1, 2023 (the "Settlement") between and among Named Plaintiff and Class Representative Kamal Bitmouni ("Plaintiff" or the "Settlement Class Representative"), individually and on behalf of the Settlement Class, and Defendant Paysafe Payment Processing Solutions, LLC ("Paysafe" or "Defendant") (collectively, the "Settling Parties"), having considered the Court's Order Granting Preliminary Approval of Class Action Settlement Agreement and Conditionally Certifying Settlement Class for Settlement Purposes Only ("Preliminary Approval Order"), having held a Final Approval Hearing on February 2, 2024, having considered all of the submissions and arguments with respect to the Settlement, and otherwise being fully informed, and good cause appearing therefor;

  **IT IS HEREBY ORDERED, ADJUDGED, AND DECREED:**

1. Plaintiff's Motion for Final Approval of Class Action Settlement Agreement and Motion for Award of Attorneys' Fees, Costs, and Expenses, and Class Representative Service Award are GRANTED as set forth below.

2. This Order incorporates herein and makes a part hereof, the Settlement (including its exhibits) and the Preliminary Approval Order. Unless otherwise provided herein, the terms defined in the Settlement and Preliminary Approval Order shall have the same meanings for purposes of this Order and Judgment.

3. The Court has personal jurisdiction over Plaintiff, the Settlement Class Members, and Defendant for purposes of this settlement, and has subject matter jurisdiction over this matter including, without limitation, jurisdiction to approve the Settlement, confirm certification of the Settlement Class for settlement purposes only, to settle and release all claims released in the Settlement, and to dismiss the Action with prejudice.

## I.   CERTIFICATION OF THE SETTLEMENT CLASS

4. Based on its review of the record, including the Settlement, all submissions in support of the Settlement, and all prior proceedings in the Action, the Court finally certifies the following Nationwide Class and California Subclass (collectively, the "Settlement Class") for settlement purposes only:

> The Settlement Class: All individuals identified on the Settlement Class List, including all individuals who were notified by direct notice by Paysafe, that their personal information was or may have been compromised in the Data Security Incident.

5. Excluded from the Settlement Class are: (1) the judges presiding over this Litigation, and members of their direct families; and (2) Defendant, its subsidiaries, parent companies, successors, predecessors, and any entity in which the Defendant or its parents have a controlling interest and their current or former officers, directors, and employees.

6. Also excluded from the Settlement Class is Lisa Fairchild, who submitted a timely and valid Request for Exclusion from the Settlement Class prior to the Opt-Out Deadline. Such person shall not receive the benefits of the Settlement and shall not be bound by this Order or the separate Judgment entered in this case.

7.      For settlement purposes only, with respect to the Settlement Class, the Court confirms that the prerequisites for a class action pursuant to Federal Rule of Civil Procedure 23 have been met, in that: (a) the Settlement Class is so numerous that joinder of all individual Settlement Class members in a single proceeding is impracticable; (b) questions of law and fact common to all members of the Settlement Class predominate over any potential individual questions; (c) the claims of Plaintiff are typical of the claims of the Settlement Class; (d) Plaintiff and proposed Class Counsel will fairly and adequately represent the interests of the Settlement Class; and (e) a class action is the superior method to fairly and efficiently adjudicate this controversy.  No class member objected to the Settlement or appeared at the Final Fairness hearing.

## II.     NOTICE TO THE SETTLEMENT CLASS

8.      The Court finds that Notice has been given to the Settlement Class in the manner directed by the Court in the Preliminary Approval Order. The Court finds that such Notice: (i) was reasonable and constituted the best practicable notice under the circumstances; (ii) was reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency of the Action, the terms of the Settlement including its Releases, their right to exclude themselves from the Settlement Class or object to all or any part of the Settlement, their right to appear at the Final Approval Hearing (either on their own or through counsel hired at their own expense), and the binding effect of final approval of the Settlement on all persons who do not exclude themselves from the Settlement Class; (iii) constituted due, adequate, and sufficient notice to all persons or entities entitled to receive notice; and (iv) fully satisfied the requirements of the United States Constitution (including the Due Process Clause), and any other applicable law.

9.      Furthermore, the Court finds that notice under the Class Action Fairness Act was effectuated within the time required by 28 U.S.C. § 1715, and that ninety (90) days has passed without comment or objection from any governmental entity.

## III.    FINAL APPROVAL OF THE SETTLEMENT

10. The Court finds that the Settlement resulted from arm's-length negotiations between Class Counsel and Defendant.

11. The Court hereby finally approves in all respects the Settlement as fair, reasonable, and adequate, and in the best interest of the Settlement Class.

12. The Court finds that Plaintiff and Class Counsel fairly and adequately represented the interests of Settlement Class Members in connection with the Settlement.

13. The Settling Parties shall consummate the Settlement in accordance with the terms thereof. The Settlement, and each and every term and provision thereof, including its Releases, shall be deemed incorporated herein as if explicitly set forth herein and shall have the full force and effect of an order of this Court.

## IV. DISMISSAL OF CLAIMS AND RELEASE

14. The Action is hereby dismissed with prejudice as to all Parties including the Settlement Class and without cost to any party, except as otherwise provided herein or in the Settlement.

15. Upon the Effective Date, and in consideration of the benefits set forth in the Settlement, each of the Settlement Class Representative and Participating Settlement Class Members, and each of their respective heirs, executors, administrators, representatives, agents, partners, successors, attorneys, and assigns, present and former ("Releasing Parties"), shall be deemed to have fully, finally, and forever released, acquitted, and discharged Paysafe and its present and former predecessors, successors, assigns, parents, subsidiaries, divisions, affiliates, departments, and any and all of their past, present, and future officers, directors, employees, stockholders, partners, servants, agents, successors, attorneys, advisors, consultants, representatives, insurers, reinsurers, subrogees and the predecessors, successors, and assigns of any of the foregoing (collectively, the "Released Persons") from any and all Released Claims. This release expressly includes Paysafe's insurer with respect to all obligations under any part of the insurance policy applicable to the Released Claims, and from any and all claims arising out of the investigation, handling, adjusting, defense, or settlement of the claim including, without limitation, any claims for negligence, invasion of privacy, violations of California's Unfair

Competition Law (cal. Bus. & Prof. Code § 17200, et seq.), and violations of California's Consumer Privacy Act (Cal. Civ. Code § 1798.150).

16. For purposes of this Final Approval Order, "Released Claims" means any and all claims or causes of action of every kind and description, including any causes of action in law, claims in equity, complaints, suits, or petitions, and any allegations of wrongdoing, demands for legal, equitable or administrative relief (including, but not limited to, any claims for injunction, rescission, reformation, restitution, disgorgement, constructive trust, declaratory relief, compensatory damages, consequential damages, penalties, exemplary damages, statutory damages, punitive damages, attorneys' fees, costs, interest or expenses) that the Releasing Parties had, have, or may claim now or in the future to have (including, but not limited to, assigned claims and any and all "Unknown Claims" (as defined in the Settlement) that were or could have been asserted or alleged arising out of the same nucleus of operative facts as any of the claims alleged or asserted in the Litigation, including but not limited to the facts, transactions, occurrences, events, acts, omissions, or failures to act that were alleged, argued, raised, or asserted in any pleading or court filing in the Litigation, including but not limited to those concerning: 1) the disclosure of the Participating Settlement Class Members' personal information in the Data Security Incident; 2) Paysafe's maintenance of the Participating Settlement Class Members' personal information as it relates to the Data Security Incident; 3) Paysafe's security policies and practices as it relates to the Data Security Incident; or 4) Paysafe's provision of notice to the Participating Settlement Class Members following the Data Security Incident.

17. Upon entry of this Final Approval Order and Judgment, the Settlement Class Representative and other Participating Settlement Class Members are enjoined from prosecuting any Released Claims in any proceeding against any of the Released Parties or based on any actions taken by any of the Released Parties that are authorized or required by the Settlement or by this Final Approval Order and Judgment. Likewise, Paysafe and its representatives, officers, agents, directors, affiliates, employees, insurers, and attorneys shall be enjoined from prosecuting any claim they have released in the Settlement in any proceeding against the Settlement Class Representative and Class Counsel or based on any actions taken by the Settlement Class

Representative and Class Counsel that are authorized or required by the Settlement or by this Final Approval Order and Judgment. The Settlement may be pleaded as a complete defense to any claim or proceeding described in this Paragraph.

## V. ATTORNEYS' FEES, COSTS, AND EXPENSES AND REPRESENTATIVE PLAINTIFF'S SERVICE AWARD

18. The Court awards attorneys' fees of $500,000.00 and litigation costs in the amount of $28,174.55. The Court further awards Kroll Settlement Administration, LLC ("Kroll") $146,257.66 for notice and administration costs incurred as of January 25, 2024. Kroll may seek reimbursement of the remaining costs of administration, consistent with the Preliminary Approval Order and the terms of the Settlement, at the completion of administration of this matter. Finally, a service award in the amount of $15,000 shall be paid to Plaintiff. The Court directs the Settlement Administrator to pay such amounts in accordance with the terms of the Settlement. Class Counsel, in their sole discretion to be exercised reasonably, shall allocate and distribute the attorneys' fees, costs, and expenses awarded by the Court among Plaintiff's counsel of record in the Action.

## VI. OTHER PROVISIONS

19. Without affecting the finality of this Final Approval Order in any way, the Court retains continuing and exclusive jurisdiction over the Settling Parties and the Settlement Class for the purpose of consummating, implementing, administering, and enforcing all terms of the Settlement.

20. Nothing in this Final Approval Order, the Settlement, or any documents or statements relating thereto, is or shall be deemed or construed to be an admission or evidence of any violation of any statute or law or of any liability or wrongdoing by Defendant.

21. In the event the Effective Date does not occur, this Final Approval Order shall be rendered null and void and shall be vacated and, in such event, as provided in the Settlement, this Order and all orders entered in connection herewith shall be vacated and null and void, the Settling Parties shall be restored to their respective positions in the Action, all of the Parties' respective pre-Settlement claims and defenses will be preserved, and the terms and provisions of the Settlement shall have no further force and effect with respect to the Settling Parties and shall

not be used in the Action or in any other proceeding for any purpose, and any judgment or order entered by the Court in accordance with the terms of the Settlement shall be treated as vacated, *nunc pro tunc*.

**IT IS SO ORDERED.**

Dated:  February 2, 2024

_____
JOSEPH C. SPERO
United States Magistrate Judge